UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 8:02-cr-9-T-23MAP
     8:16-cv-1770-T-23TGW

LONNIE LEE CODE
_____/

**O R D E R**

    Code moves to vacate under 28 U.S.C. § 2255 (Doc. 1) and challenges the validity of his convictions for three counts of armed bank robbery and three counts of using a firearm during a crime of violence, for which offenses he is imprisoned for 800 months. Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[*] (finding the summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief"); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) [Rules Governing § 2255 Proceedings], allows the district court to summarily dismiss the motion and notify the movant if 'it plainly

---

[*] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . . .'"). *See United States v. Deal*, 678 F.2d 1062, 1065 (11th Cir. 1982) (citing *Wright* and *Hart*). Code's motion is barred.

Code challenged this same conviction in an earlier action, 8:04-cv-1416-T-23TGW, which was denied on the merits. (Docs. 148 and 155) Code is precluded from pursuing a second or successive motion without authorization from the Eleventh Circuit Court of Appeals. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *Felker v. Turpin*, 518 U.S. 651, 664 (1996); *Dunn v. Singletary*, 168 F.3d 440, 442 (11th Cir. 1999). This new action is, therefore, a second or successive action that is subject to specific restrictions because a district court lacks jurisdiction to review a second or successive motion without the requisite authorization from the circuit court. *Burton v. Stewart*, 549 U.S.147, 157 (2007) ("Burton neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it.").

Code asserts entitlement to the retroactive application of *Johnson v. United States*, 135 S. Ct. 2551 (2015). Recently *Welch v. United States*, 136 S. Ct. 1257 (2016), held that *Johnson* applies retroactively. As a consequence, Code's proper remedy is a

- 2 -

second or successive motion to vacate under Section 2255(h)(2), which authorizes a second or successive motion under two circumstances, specifically:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain —
>
> (1)  newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2)  a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme court, that was previously unavailable.

Code's remedy lies in Section 2255(h)(2), but not in a district court, which, as *Burton* instructs, lacks jurisdiction to review a second or successive motion without the requisite authorization from the circuit court. Code's obtaining relief under *Johnson* and *Welch* starts with an application for leave to file a second or successive motion under Section 2255, which motion he must file with the circuit court.

Code represents that his request for authorization to file a second or successive motion is pending in the circuit court and, as a consequence, he moves (Doc. 2) the district court to hold in abeyance his present motion. As *Burton* explains, the district court lacks jurisdiction. A district court cannot hold in abeyance an action over which it lacks jurisdiction.

Accordingly, the motion to vacate under 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED**. The motion (Doc. 2) to stay this action is **DENIED**. The clerk must close this case.

### DENIAL OF BOTH A
### CERTIFICATE OF APPEALABILITY
### AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Code is not entitled to a certificate of appealability ("COA"). A prisoner moving under Section 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Code must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the motion to vacate is clearly second or successive, Code is entitled to neither a COA nor leave to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Code must obtain authorization from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on July 6, 2016.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE